# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ABDELNASER J. AL-HASAN,**
        Plaintiff,

v.                                      Case No. 14-C-0611

**MILWAUKEE SCHOOL OF ENGINEERING,**
        Defendant.

---

## DECISION AND ORDER

Abdelnaser Al-Hasan has filed a complaint alleging that the Milwaukee School of Engineering ("MSOE") discriminated against him in violation of Title VII of the Civil Rights Act of 1964 when it failed to hire him as an associate professor in its mathematics department. Before me now is the defendant's motion to dismiss portions of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

According to the complaint, the plaintiff is a practicing Muslim, of Arabian descent, and a native of Palestine. In 2007, MSOE hired him as an adjunct professor in the mathematics department. Plaintiff hoped he would eventually be promoted to associate professor in the department.

In the fall of 2007, MSOE had an opening for an associate professor, and the plaintiff applied. The mathematics department deemed the plaintiff the top candidate for the position. However, the chair of the department informed the plaintiff that one of the school's administrators would not allow the department to hire any new professors who had received their highest degree from the University of Wisconsin-Milwaukee ("UWM"). The

plaintiff had received his Ph.D. from UWM, and therefore this policy rendered him ineligible for the position. In March 2008, MSOE hired a different candidate to fill the position. The plaintiff remained at MSOE as an adjunct professor.

In 2010, the plaintiff again attempted to become an associate professor in the mathematics department at MSOE. Plaintiff first sought to have his adjunct position converted to an associate professorship, but he was unsuccessful. When the department subsequently advertised an opening for an associate professorship, the plaintiff applied. The plaintiff asked his colleagues in the mathematics department to submit letters of recommendation on his behalf, and many of them did so.

In March 2011, the chair of the department informed the plaintiff that his solicitation of letters of recommendation from others in the department had tainted the selection process, and that therefore the department would be deferring its search for a new professor until the following academic year. In June 2011, the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission over the decision to defer the selection process until the following year. He alleged discrimination on the basis of race, religion, and national origin. This charge remains under investigation at the EEOC.

During the next academic year, i.e., 2011–12, the mathematics department re-posted the opening for an associate professor, and the plaintiff applied again. This time, he was rejected. In June 2012, the plaintiff filed a second charge of discrimination with the EEOC, in which he again alleged that the defendant had discriminated against him on the basis of race, religion, and national origin. The EEOC issued a notice of right to sue in connection with this charge in February 2014. The plaintiff commenced the present suit for employment discrimination in May 2014.

In its motion to dismiss, the defendant argues that the plaintiff is pursuing claims based on three discrete employment actions: (1) the failure to hire plaintiff to the position of associate professor in 2008; (2) the 2011 decision to defer the selection of a new associate professor until the following academic year; and (3) the 2012 failure to hire the plaintiff as an associate professor. The defendant concedes that the plaintiff has stated a claim for relief based on the third of these decisions, i.e., the 2012 failure to hire. However, the defendant argues that the plaintiff cannot pursue claims based on the 2008 and 2011 decisions. The defendant argues that any claim based on the 2008 decision is barred because the plaintiff did not file a timely charge of discrimination with the EEOC concerning that decision. And it argues that any claim based on the 2011 decision is barred because (a) the plaintiff has not received a right-to-sue letter in connection with the charge of discrimination he filed based on that decision, and (b) the plaintiff has not sufficiently alleged a prima facie case of discrimination or retaliation with respect to that decision.

## DISCUSSION

In his response to the defendant's motion to dismiss, the plaintiff states that he is not pursuing a claim based on MSOE's failure to hire him as an associate professor in 2008. See Br. in Opp. at 3 ("Plaintiff is not seeking independent recovery for the 2008 hiring decision; therefore, there is no claim to be dismissed here."). Nor does he dispute that any such claim would be time barred. Rather, he states that the allegations in the complaint concerning the 2008 decision constitute background information that is relevant to his claim based on the 2012 decision. To the extent that the complaint could be construed as stating a claim based on the 2008 decision, that claim will be dismissed. However, this does not

3

preclude the plaintiff from developing the facts relating to the 2008 decision for the purpose of supporting his other claims.

The plaintiff's position concerning the 2011 decision is unclear. The plaintiff seems to argue that he may pursue a claim based on that decision even though the EEOC has not issued a right-to-sue letter for the charge he filed in connection with that decision. But the plaintiff does not unequivocally state that he intends to pursue a claim based on the 2011 decision. Rather, he indicates that his allegations concerning the 2011 decision are merely background facts that support a claim for discrimination based on the 2012 decision. See Br. in Opp. at 4. I agree with the plaintiff that the facts surrounding the 2011 decision are relevant to the question of whether the failure to promote the plaintiff to associate professor in 2012 was discriminatory. However, to the extent the plaintiff intends to base a separate claim on the 2011 decision, i.e., to pursue recovery for the time period before the 2012 decision was made, I conclude that he cannot proceed with such a claim until the EEOC issues a right-to-sue letter with respect to the charge of discrimination he filed concerning the 2011 decision. See Worth v. Tyer, 276 F.3d 249, 259 (7th Cir. 2001). Therefore, to the extent the plaintiff intends to base a separate claim on the 2011 decision, that claim is dismissed without prejudice on the ground that the EEOC has not issued a right-to-sue letter. But again, the plaintiff may still use the facts concerning the 2011 decision to support a claim based on the 2012 decision. Moreover, if the EEOC issues a right-to-sue letter in connection with the charge concerning the 2011 decision, the plaintiff may seek leave to amend his complaint to include a claim for damages based on the 2011 decision.

**CONCLUSION**

For the reasons stated, **IT IS ORDERED** that the defendant's partial motion to dismiss is **GRANTED IN PART**. The motion is granted to the extent that any claim based on the 2008 decision is dismissed with prejudice and any claim based on the 2011 decision is dismissed without prejudice. However, the allegations concerning those decisions shall remain part of the complaint as background facts supporting the plaintiff's claim based on the 2012 decision.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2014.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge